**No. 63302.**—Morris Friedman *v.* United States, protests 58/7720, etc. (Philadelphia).

FORD, Judge: The suits listed in schedule "A," attached hereto and made a part hereof, challenge the action of the collector of customs in classifying certain nonelectric dry shavers as "Machines, not specially provided for, finished or unfinished; * * * Other," and assessing duty thereon at the rate of 13¾ per centum ad valorem or 13 per centum ad valorem, depending upon the date of entry, under the provisions of paragraph 372 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, or the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, respectively.

Plaintiff contends the merchandise to be properly dutiable under the provisions of paragraph 358 of the Tariff Act of 1930, which provides as follows:

Safety razors, and safety-razor handles and frames_____ 12½% ad val., but not less t h a n 2½¢ each and 7½% ad val.

The above rate is the rate prescribed by said paragraph, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802. Said rate was subsequently reduced by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, to 11½ per centum ad valorem, but not less than 2.375 cents each and 7 per centum ad valorem, for merchandise entered on and after July 1, 1956.

Basically, this is a retrial of the issue decided in the case of *Morris Friedman* v. *United States*, 40 Cust. Ct. 216, C.D. 1985. The record of said case was incorporated herein and no further testimony was adduced.

The decision in the incorporated case sets forth a clear digest of the record made therein, which is adopted for the purpose of this decision and reads as follows:

At the trial, Frank J. McNichol, the only witness in the case, was called by the plaintiff. He testified that he was sales manager for the Witte Import Distributors, the ultimate consignee herein, engaged in the importation of various items for distribution in this country and Canada. McNichol produced a sample of the importation, which was received in evidence as exhibit 1. He explained his familiarity with the article through making sales of the commodity in Canada and the United States; had used the article, repaired it, and knew many people who had used it, namely, for shaving the beard. The operation of the article was explained as follows: By pulling a nylon cord, a heavy weighted flywheel is caused to rotate; the flywheel, being geared to a shaft, develops a high speed. Attached to the shaft are four sharp cutting blades, which are covered by a guard to prevent the skin from being cut while in use. As stated by the witness, "The instrument is pressed against the beard; the guard permits the hairs of the beard to engage the blades and they're cut off without injuring the skin."

The court then quoted the definition of safety razor from various sources as an aid to its understanding of the common meaning and concluded that the involved dry shavers were within the spirit and the intent of the term "safety razor" as it is used, *supra*.

Upon the record before us and for the reasons so well expressed in the incorporated case, *supra*, we find and hold that the nonelectric dry shavers involved herein are safety razors within the purview of paragraph 358 of the Tariff Act of 1930, as modified, *supra*.

To the extent indicated, the specified claim in these suits is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.